### FREDERICK HOLLENDER & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 3, 1910.)

No. 3,327.

CUSTOMS DUTIES (§ 37*)—CLASSIFICATION—PRINTED BEER MATS—"PRINTED MATTER."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 433, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1676), the term "printed matter" does not include beer mats, consisting of round pieces of wood pulp upon which have been printed German verses, and the name and advertisement of beer dealers.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 6, pp. 5563, 5564; vol. 8, p. 7763.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York, on the authority of a former decision, in which the Board states its grounds of decision as follows (G. A. 5,582, T. D. 24,997):

FISCHER, General Appraiser. The merchandise in question consists of so-called beer felts. The articles are circular pads or mats, made of wood

pulp, about 4½ inches in diameter and one-eighth of an inch in thickness, and there is printed on one surface thereof the name and address of the concern for whom they were made. They are used in saloons and restaurants as table mats for beer or wine glasses. The local appraiser returned the same as "manufactures of paper." * * * The importers claim that the merchandise is dutiable as printed matter. * * * The merchandise is neither a manufacture of paper nor printed matter. An examination of the samples before us shows that the articles are manufactures of pulp, and therefore fall within the provisions of paragraph 433 (Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1676]), which reads as follows: "Indurated fiber ware and manufactures of wood or other pulp, and not otherwise specially provided for, thirty-five per centum ad valorem."

This Board, in passing upon certain printed paper bags, * * * June 26, 1902, said: "The articles are printed bags, and have become by a process of manufacture a distinct article for use of such, and the printing thereon is merely incidental thereto and not a controlling feature." * * * So here the articles are manufactured articles of utility, and are not printed matter; for the printing is merely incidental, and is not an essential or controlling feature. Paper boxes and other articles commonly have printing thereon to denote the name of the concern using them, together with a description of the goods packed therein; yet no one will seriously contend that such printing will make the articles printed matter.

We find that the merchandise is a manufacture of pulp, and we accordingly overrule the protest; and the decision of the collector will stand.

Kammerlohr & Duffy (John G. Duffy, of counsel), for the importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William K. Payne, Asst. Atty., of counsel), for the United States.

MARTIN, District Judge. No evidence was taken in this case. It rests solely upon the exhibit, which consists of a round piece of wood pulp upon which is printed a German verse and the name and advertisement of a dealer in beers, circular in form and designed for use as a beer mat. It was assessed under paragraph 433 as a manufacture of pulp at 35 per cent. ad valorem. It is apparent from the exhibit that it has been advanced through processes of manufacture into a completed commercial article and adapted for a practical use. The printing thereon is incidental.

I concur in the opinion of the Board of General Appraisers, and affirm its decision.